## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARYANNE HAGEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SCIENTIFIC RESEARCH | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW MARYANNE HAGEMANN (hereinafter "Plaintiff" or "Ms. Hagemann"), Plaintiff in the above-styled matter, and files this her Complaint and shows as follows:

## NATURE OF ACTION

1.

Plaintiff asserts that the Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") 42 U.S.C. § 2000e, et seq., by discriminating against her on the basis of her sex (female) and retaliating against her for opposing unlawful employment practices under Title VII.

2.

Plaintiff also asserts that the Defendant has violated the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") 29 U.S.C. § 621, et seq., by discriminating against her on the basis of her age (69) and retaliating against her for opposing unlawful employment practices under the ADEA.

## STATUTORY BASIS FOR ACTION

3.

Pursuant to Title VII, 42 U.S.C. § 2000e-2(a),

It shall be an unlawful employment practice for an employer—
**(1)** to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ; or
**(2)** to limit, segregate, or classify [its] employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's . . . sex . . . .

4.

Pursuant to Title VII, 42 U.S.C. § 2000e-3(a),

It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . to discriminate against any individual . . . because [she] has opposed any practice made an unlawful employment practice by this title [42 USCS §§ 2000e–2000e-17], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 USCS §§ 2000e–2000e-17].

5.

Pursuant to the ADEA, 29 U.S.C. § 623(a),

It shall be unlawful for an employer—
**(1)** to . . . discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age;
**(2)** to limit, segregate, or classify [its] employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's age . . . .

6.

Pursuant to ADEA, 29 U.S.C. § 623(d),

It shall be unlawful for an employer to discriminate against any of [its] employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action pursuant to

38 U.S.C. § 4323(b)(3).

8.

Venue is proper in this District under 38 U.S.C. § 4323(c)(2) and 28 U.S.C.

§ 1391(b), because Defendant, Scientific Research Corporation ("Scientific

Research"), maintains its principal place of business in this judicial district at: 2300 Windy Ridge Pkwy, Suite 400 South, Atlanta, Georgia, 30339-5665.

9.

All statutory conditions precedent to the initiation of this lawsuit have been fulfilled in accordance with 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621, et seq.

**PARTIES**

10.

The Plaintiff is an individual residing in Georgia, within the Northern District of Georgia and the Atlanta Division of this court.

11.

The Defendant, Scientific Research, is a foreign profit corporation licensed and registered to do business in Georgia and can be served through its registered agent, C T CORPORATION SYSTEM, at: 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805.

**STATEMENT OF FACTS**

12.

In May of 2012, Ms. Hagemann was hired as an accountant with Scientific Research.

13.

In 2017, Ms. Hagemann earned a gross salary of $71,880.00. From 2017 through May of 2020, Ms. Hagemann's salary only increased from $71,880.00 to $77,016.00.

14.

Scientific Research assigns each of its employees to a pay grade based on their duties for the corporation and utilizes a pay grade chart to establish a range of compensation for each employee.

15.

Prior to Ms. Hagemann's employment with Scientific Research, Ms. Hagemann had over thirty (30) years of professional experience in the field of accounting. During Ms. Hagemann's previous employment, Ms. Hagemann gained invaluable experience as an accountant working with large public certified public accounting ("CPA") firms and other large private companies.

16.

Despite the vast experience of Ms. Hagemann and her exemplary performance over many years at Scientific Research, Ms. Hagemann was paid less compensation than all other male and younger employees performing similar duties as Ms. Hagemann.

17.

In fact, Scientific Research paid employees who performed similar duties as Ms. Hagemann significantly greater compensation than Ms. Hagemann.

18.

John Rochell is the Vice President of Human Resources at Scientific Research.

19.

In July of 2018, Ms. Hagemann filed a grievance with Pat Tate, legal representative for Scientific Research, against Steve Falis. Mr. Rochell was then assigned the task to resolve Ms. Hagemann's filed grievance against Mr. Falis.

20.

During Mr. Rochell's efforts to resolve Ms. Hagemann's dispute with Mr. Falis, Mr. Rochell determined that Ms. Hagemann was capable of more complex work. Specifically, Mr. Rochell determined that Ms. Hagemann was performing more complex tasks than those listed in Ms. Hagemann's job description when she was hired in 2012.

21.

As a direct result of Mr. Rochell's findings, Mr. Rochell then developed a new job description for Ms. Hagemann with the input and advice from Mr. Falis.

22.

In August of 2018, a meeting was conducted between Mr. Falis, Mr. Rochell, and Ms. Hagemann to discuss Ms. Hagemann's new job responsibilities. During this meeting, Mr. Rochell advised Ms. Hagemann that Jeanette Sevenson, compensation manager, would determine Ms. Hagemann's increased pay grade.

23.

During the fall of 2018, Ms. Sevenson resigned from her position with Scientific Research. Prior to her departure, Ms. Sevenson informed Ms. Hagemann that Ms. Hagemann's salary was going to be increased by two pay grades. Ms. Hagemann's pay grade was increased by two grades because the complex and additional work Ms. Hagemann had been doing for several years was now accurately reflected in the pay grade level.

24.

Despite Ms. Sevenson's assurances that Ms. Hagemann would be receiving a pay increase, Ms. Hagemann never received any increase in her compensation despite the increase in her pay grade.

25.

Over the ensuing months after Ms. Sevenson left and after Ms. Hagemann continued to be compensated based on her previous pay grade, Ms. Hagemann began

to question Mr. Rochell about her increased pay grade. Ms. Hagemann was entitled to an increase of pay considering she was performing tasks previously assigned to manager level employees which resulted in a higher pay grade assigned to her job description.

26.

On March 1, 2019, Mr. Rochell informed Ms. Hagemann via email that Ms. Hagemann's job title changed but her pay grade would not change.

27.

It is readily apparent that due to Ms. Hagemann's complaints about Mr. Falis, Scientific Research denied Ms. Hagemann the increased pay grade she was promised and rightfully earned.

28.

Furthermore, Scientific Research has denied Ms. Hagemann her entitled pay grade increase on the basis of age. Specifically, Scientific Research is discriminating against Ms. Hagemann due to her age.

29.

In April of 2017, Scientific Research also hired a female Financial Analyst I who performed accounting/finance duties and was around the age thirty (30) at the time of hire. In 2017, this new employee was hired at a base salary of $78,000.00 as

compared to Ms. Hagemann's salary of $71,880.00 during that same year. As of May 2020, the Financial Analyst was earning a base salary of $88,968.00 as compared to Ms. Hagemann's base salary of $77,016.00.

30.

Not only did the Financial Analyst earn significantly more than Ms. Hagemann, but in 2018, the Financial Analyst was technically two pay grades below Ms. Hagemann based on the job title and assigned duties.

31.

It is without question that Scientific Research is discriminating against Ms. Hagemann on the basis of age.

32.

Scientific Research has also subjected Ms. Hagemann to verbal harassment on the basis of her age and gender. Since the time her employment began, Ms. Hagemann has had to endure inappropriate and harassing comments from her male supervisors.

33.

By way of example, Mr. Falis turned to Ms. Hagemann and inquired about Ms. Hagemann's age after the topic of forgetfulness came up in an in-person training

session.  Specifically, Mr. Falis implied that Ms. Hagemann suffered from memory loss due to her age.

34.

On another occasion, Mr. Falis sent Ms. Hagemann an email stating he did not want to get older, after Mr. Falis learned that Ms. Hagemann was ill.

**COUNT I—Discrimination in Violation of Title VII**

**(42 U.S.C. § 2000e, et seq.)**

35.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-34 of this Complaint with the same force and effect as if pleaded separately herein.

36.

The Defendant engaged in a pattern and practice of discrimination against Ms. Hagemann based on her sex (female) in violation of Title VII of the Civil Rights Act.

37.

Defendant's violation of Title VII was willful, pervasive, and created a hostile work environment.

38.

During her employment with Defendant, and despite the discrimination and harassment she experienced based on her sex, Ms. Hagemann not only met but far exceeded the criteria placed on her while employed with Defendant.

39.

Despite far exceeding Defendant's standards of employment, Ms. Hagemann experienced harassment and adverse treatment by Defendant.

40.

Ms. Hagemann's similarly situated male coworkers were treated more favorably and were not subjected to harassment or adverse treatment by Defendant.

41.

Ms. Hagemann has consistently been paid less compensation compared to her male counterparts working in the same department.

42.

As a direct and proximate result of the discriminatory conduct by the Defendant, Ms. Hagemann has suffered injury including, but not limited to, loss of wages and benefits of employment.

## COUNT II —Retaliation in Violation of Title VII (42 U.S.C. § 2000e-3(a))

43.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-42 of this Complaint with the same force and effect as if pleaded separately herein.

44.

The Defendant retaliated against Ms. Hagemann for complaining about the discrimination she was experiencing by continually denying Plaintiff just compensation for her work in violation of Title VII, 42 U.S.C. § 2000e-3(a).

45.

The Defendant further retaliated against Ms. Hagemann by subjecting her to cruel and harassing treatment by questioning her about her age and implying that her age and alleged memory loss makes her an unfit employee.

46.

During her employment with Defendant, and despite the discrimination and harassment she experienced based on her age, Ms. Hagemann not only met but far exceeded the criteria placed on her while employed with Defendant.

47.

Despite far exceeding Defendant's standards of employment, Ms. Hagemann experienced harassment and adverse treatment by Defendant.

48.

As a direct and proximate result of the retaliatory conduct by the Defendant, Ms. Hagemann has suffered injury including, but not limited to, loss of wages and benefits of employment.

## COUNT III —Discrimination in Violation of the ADEA (29 U.S.C. § 621, et seq.)

49.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-48 of this Complaint with the same force and effect as if pleaded separately herein.

50.

The Defendant engaged in a pattern and practice of discrimination against Ms. Hagemann based on her age in violation of the ADEA.

51.

Defendant's violation of the ADEA was willful, intentional, and pervasive.

52.

During her continued employment with Defendant, and despite the discrimination and harassment she experienced based on her age, Ms. Hagemann not only met but far exceeded the criteria placed on her while employed with Defendant.

53.

Despite far exceeding Defendant's standards of employment, Ms. Hagemann experienced harassment and adverse treatment by Defendant.

54.

Ms. Hagemann's younger coworkers were treated more favorably and were not subjected to harassment or adverse treatment by Defendant.

55.

Ms. Hagemann has consistently been paid less compensation compared to her younger counterparts working in the same department.

56.

As a direct and proximate result of the discriminatory conduct by the Defendant, Ms. Hagemann has suffered injury including, but not limited to, loss of wages and benefits of employment.

**COUNT IV —Retaliation in Violation of the ADEA (29 U.S.C. § 623(d))**

57.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-56 of this Complaint with the same force and effect as if pleaded separately herein.

58.

The Defendant retaliated against Ms. Hagemann for complaining about the discrimination she was experiencing by continually denying Plaintiff just compensation for her work in violation of Title VII, 42 U.S.C. § 2000e-3(a).

59.

The Defendant further retaliated against Ms. Hagemann by subjecting her to cruel and harassing treatment by questioning her about her age and implying that her age and alleged memory loss makes her an unfit employee.

60.

As a direct and proximate result of the retaliatory conduct by the Defendant, Ms. Hagemann has suffered injury including, but not limited to, loss of wages and benefits of employment.

## COUNT V —Attorney's Fees

### 61.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-60 of this Complaint with the same force and effect as if pleaded separately herein.

### 62.

Defendant's wrongful actions against Ms. Hagemann are in bad faith, Defendant has been stubbornly litigious, and Defendant has caused Ms. Hagemann unnecessary trouble and expense, thereby entitling Ms. Hagemann to an award of attorney fees under O.C.G.A. § 13-6-11.

## COUNT VI —Punitive Damages

### 63.

Maryanne Hagemann realleges and hereby incorporates by reference paragraphs 1-62 of this Complaint with the same force and effect as if pleaded separately herein.

### 64.

Pursuant to 42 U.S.C. §§ 1981a(a)(1) and 1981a(b)(1), Ms. Hagemann shall be entitled to punitive damages to deter and punish Defendant from such other and further intentional discriminatory practices, which practices were done with malice

to the federally protected rights of Ms. Hagemann and calculated with a specific intent to cause harm.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff requests this Honorable Court award her the following relief:

a) Full back pay, doubled, retroactive to the date that Ms. Hagemann was entitled to her awarded pay grade increase, plus interest;

b) Compensatory damages, liquidated damages, and special damages sustained as a result of the Defendant's intentional and willful discrimination;

c) Punitive damages in an amount to be determined by a fair and impartial jury based on Defendant's intentionally harmful and wrongful conduct;

d) Reasonable attorney's fees, expert witness fees, interest, and other litigation costs premised upon Defendant's bad faith;

e) For all other statutory, civil, general, special, extraordinary, injunctive, or other relief which this Honorable Court deems just and appropriate; and

f) A trial by jury on all issues so triable.

## **CERTIFICATION**

Plaintiff's counsel certifies that this pleading has been prepared with 14 Point Font.

Respectfully submitted, this <u>25th</u> day of <u>May</u>, 2022.

               MOORE INGRAM JOHNSON & STEELE, LLP

               */s/ Marie L. Wilcox*_____
               Clayton O. Carmack
               Georgia State Bar No.: 110540
               Marie L. Wilcox
               Georgia State Bar No.: 283233
               Monique B. Shackleford
               Georgia State Bar No.: 212719
               *Attorneys for Plaintiff*

326 Roswell Street, Suite 100
Marietta, GA 30060
Phone: (770) 429-1499
Fax: (770) 429-8631
coc@mijs.com
mlwilcox@mijs.com
mbshackleford@mijs.com